Hunt. Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| LONNY BARNER,<br><br>        Plaintiff,<br><br>v.<br><br>LOWE'S HOME IMPROVEMENT, a business entity, form unknown; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: 2:15-cv-04944<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>Hon. George H. Wu<br>Magistrate Judge John E. McDermott |

[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:15-cv-04944

Hunton Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# [PROPOSED] ORDER

Pursuant to the stipulation by the Parties and good cause appearing therefor, the Court HEREBY ENTERS the Parties' STIPULATED PROTECTIVE ORDER, the pertinent elements of which are as follows:

1. **Definitions.**

   1.1 <u>Party</u>: Any party to this action.

   1.2 <u>Disclosures or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, documents or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   1.3 <u>"Confidential" Information or Items</u>:

   (i) Non-public information about Plaintiff or any other individuals, including personnel records, evaluations, compensation information, medical information or other personal and confidential information;

   (ii) Information that is a "trade secret" as that term is defined in 18 U.S.C. § 1839; and/or

   (iii) Information alleged in good faith by a Party to be subject to protection under the Federal Rules of Evidence and/or information that is confidential, of commercial value, and falls into one or more of the following categories:

   a. Defendant's policies and procedures for operating its facilities;

   b. Documents that reflect the implementation of Defendant's policies and procedures for operating its facilities;

  c. Information that is protected against disclosure by a written confidential information agreement between a third party and Plaintiff or Defendant;

  d. Business plans, models, marketing analyses, sales and financial statements or other sensitive business documents; and

  e. Personal or private information about non-parties.

1.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:  Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

1.5 <u>Designating Party</u>:  A Party or non-party that designates as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any Disclosures or Discovery Material.

1.6 <u>Receiving Party</u>:  A Party that receives Disclosures or Discovery Material that have been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

1.7 <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as either "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

1.8 <u>Outside Counsel</u>:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.9 <u>In-House Counsel</u>:  Attorneys who are employees of a Party.

1.10 <u>Counsel (without qualifier)</u>:  Outside Counsel and In-House Counsel (as well as their support staffs).

1.11 <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation; and who is not a past or

Hunton Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

a current employee of a Party and who, at the time of retention, was not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.12 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

## 2. Scope.

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that would reveal Protected Material.

## 3. Duration.

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court orders otherwise.

## 4. Designating Protected Material.

4.1 <u>Exercise of Restraint and Care in Designating Disclosure or Discovery Material for Protection</u>. Each Party or non-party that designates Disclosures or Discovery Material for protection under this Protective Order must take care to limit any such designation to specific Disclosures or Discovery Material that qualifies under the appropriate confidentiality standard. A Designating Party must take care to designate for protection only those parts of the Disclosures or Discovery Material, so that other portions of the Disclosures or Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a Designating Party's attention that Disclosures or Discovery Material that that party designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the improper designation.

4.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosures or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated. Designation in conformity with this Protective Order requires:

4.2(a) <u>For Disclosures or Discovery Material in documentary form (apart from transcripts of depositions or other pretrial proceedings)</u>:

4.2(a)(1)(A) The Designating Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" prominently on each page that contains Protected Material. If only a portion or portions of a document or material on a page qualifies for protection, the Designating Party should clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only"); or

4.2(a)(1)(B) The Designating Party shall make such designation by written notice to all Parties that the document(s) should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," by identifying the Disclosures or Discovery Material to be designated with particularity (*i.e.*, by production numbers where available). Upon notice of the designation, all parties (i) shall make no further disclosure of the Protected Material, except as provided by this Protective Order; and (ii) if such Protected Material has already been disclosed to any person or in any circumstance not authorized under this Protective Order, shall

immediately inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A).

    4.2(a)(2)  A Party or non-party that makes original Disclosures or Discovery Material available for inspection need not designate them for protection until after the inspecting Party has indicated which Disclosures or Discovery Material it seeks to have copied and produced. During the inspection and before the designation, all of the Disclosures or Discovery Material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting Party has identified the Disclosures or Discovery Material it seeks to have copied and produced, the producing Party must determine which, if any, Disclosures or Discovery Material, or portions thereof, qualify for protection under this Protective Order. Prior to producing the specified Disclosures or Discovery Material, the producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") prominently on each page as set forth under Section 4.2(a)(1)(A) above.

    4.2(b)  <u>For Disclosures or Discovery Material in the form of testimony given in deposition or in other pretrial proceedings</u>: The Party or non-party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

Any Party may also designate testimony that is entitled to protection by notifying all Parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" thereafter. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control. Unless otherwise indicated, all

deposition transcripts shall be treated as "Highly Confidential – Attorneys' Eyes Only" for a period of thirty (30) days after the receipt of the transcript. This preliminary treatment, however, shall not limit a deponent's right to review the transcript of his or her deposition under Federal Rule of Civil Procedure 30(e)(1).

        4.2(c)   <u>For Disclosures or Discovery Material produced other than in documentary or testimony form, and for any other tangible items:</u>

        4.2(c)(1)(A)   The Designating Party shall affix in a prominent place on the exterior of the container a label containing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If only portions of the information or item warrant protection, the Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"; or

        4.2(c)(1)(B)(i)  The Designating Party shall make such designation by written notice to all Parties, by identifying the Disclosures or Discovery Material to be designated with particularity (i.e., by production numbers where available). If only portions of the information or item warrant protection, the Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only;" and

        4.2(c)(1)(B)(ii) Upon notice of the designation, all parties (i) shall make no further disclosure of the Protected Material, except as provided by this Protective Order; and (ii) if such Protected Material has already been disclosed to any person or in any circumstance not authorized under this Protective Order, shall immediately inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A).

4.3     Inadvertent Failures to Designate. An inadvertent failure by a Party or non-party to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" qualified information or items does not, standing alone, waive its right to secure protection under this Protective Order for such material. If any such Disclosures or Discovery Material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

## 5. Challenging Confidentiality Designations.

5.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2     Meet and Confer. A Party who elects to initiate a challenge to a Designating Party's confidentiality designation must first meet and confer in good faith with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation within seven (7) days of the first meet and confer effort. A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

5.3     Judicial Intervention. If the parties are unable to resolve the challenge, either Party may commence the process set forth in Local Rule 37-2 to

obtain an order determining whether the material should be protected under this Order as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on any challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

### 6. Access To And Use Of Protected Material.

6.1 <u>Use of Protected Material</u>. A Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10 below. However, nothing herein shall limit a Party from using any documents created by him/it for any purpose outside of this proceeding, irrespective of any designation given the document in this proceeding.

Protected Material must be maintained at a location and in a secure manner that ensures that access is limited to persons authorized under this Protective Order.

6.2 <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Party may disclose any information or item designated "Confidential" only to the following:

6.2(a) The Party, who may share Confidential Information or Items with its officers, directors and employees, to whom disclosure is reasonably necessary for this litigation;

6.2(b) Counsel to whom disclosure is reasonably necessary for this litigation;

      6.2(c)    Experts (as defined in this Protective Order) to whom disclosure is reasonably necessary for this litigation;

      6.2(d)    The Court and its personnel;

      6.2(e)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

      6.2(f)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that contain Protected Material may not be disclosed to anyone except as permitted under this Protective Order;

      6.2(g)    The author of or recipient of the Protected Material or the original source of the information; and

      6.2(h)    Professional vendors.

However, nothing herein shall limit a Party from disclosing any documents created by him/it for any purpose outside of this proceeding, irrespective of any designation given the document in this proceeding.

6.3    <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to the following:

      6.3(a)    Outside Counsel of record in this action, as well as its employees to whom it is reasonably necessary to disclose the information for this litigation;

      6.3(b)    In-House Counsel to whom disclosure is reasonably necessary for this litigation;

      6.3(c)    Experts (as defined in this Protective Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (attached as Exhibit A);

      6.3(d)    The Court and its personnel;

      6.3(e)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

      6.3(f)    The author or recipient of the Protected Material or the original source of the information; and,

      6.3(g)    Professional vendors who sign the "Agreement to Be Bound by Protective Order" (attached as Exhibit A) on behalf of the business entity and/or its employees and/or subcontractors.

However, nothing herein shall limit a Party from disclosing any documents created by him/it for any purpose outside of this proceeding, irrespective of any designation given the document in this proceeding.

## 7.    Protected Material Subpoenaed Or Ordered Produced In Other Litigation.

If a Party is served with a subpoena or a Court order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Party must immediately notify the Designating Party, in writing and in no event more than five (5) court days after receiving the subpoena or Court order. Such notification must include a copy of the subpoena or Court order.

The Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the Protected Material covered by the subpoena or order is the subject of this Protective Order. In addition, the Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the

subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another Court.

### 8. Unauthorized Disclosure Of Protected Material.

If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A).

### 9. Filing Protected Material.

In the event that a party desires to file with the Court any document which includes any Protected Material, the party shall file a written request to file under seal the document or portion thereof containing the Protected Material, if such portion is segregable, in accordance with the requirements set forth under Local Rule 79-5.1 and District Judge George Wu's Standing Order. The document, or portion of the document, submitted for filing under seal shall be submitted separately in a sealed envelope pursuant to Local Rule 79-5.1, upon which shall prominently appear the following statement:

> **This envelope contains documents subject to a Stipulated Protective Order concerning the use of confidential discovery material entered by the Court in this action. This envelope shall not be opened, nor shall the contents be displayed or revealed except by order of the Court.**

11
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:15-cv-04944

If the filing party fails to request leave to file any included Protected Material under seal, the Designating Party who designated the filed information as Protected Material may make a written request to the Court to file said information under seal within five (5) days of notice of the defective filing. Nothing herein shall limit any other remedies available to the Designating Party for a breach of this Order. This Section shall not apply to the Parties' submission of exhibits for trial, nor the handling of exhibits during trial.

### 10. Final Disposition.

Unless otherwise ordered or agreed in writing by the Designating Party, after the final termination of this litigation, including any appeals, if a Designating Party requests in writing the return or destruction of any or all of its Protected Material, within thirty (30) days of such request, the opposing Party must submit a written certification, under penalty of perjury, to the Designating Party that all Protected Material was returned or destroyed, including any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel may retain an archival set of copies of Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 above.

### 11. Inadvertent Production of Privileged Documents.

Inadvertent production of any document or information which a party later claims should not have been produced because of a privilege, including but not limited to attorney-client or work product privilege ("Inadvertently Produced Privileged Document"), shall not be deemed to waive any privilege. A party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party requests the return, pursuant to this paragraph, of any Inadvertently

Produced Privileged Document then in the custody of another party, the possessing party shall within three (3) days return to the requesting party the Inadvertently Produced Privileged Document and all copies thereof and shall not make use of such documents or information in this proceeding or otherwise. The party returning such material may then move the Court for an order compelling production of the documents or information, but said party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

12. **Miscellaneous.**

12.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

12.3 Nothing in this Order shall prevent a party from any use of its own Confidential or Attorneys' Eyes Only documents.

**IT IS SO ORDERED.**

DATED: December 1, 2015

_____
UNITED STATES DISTRICT JUDGE